Argued February 8, affirmed March 1, 1973

### URBAN PLUMBING & HEATING CO. et al, Respondents, v. ERWIN, Appellant.

506 P2d 716

*Warde H. Erwin,* Portland, filed briefs and argued the cause in propria persona.

*Alan H. Johansen,* Portland, argued the cause for respondents. With him on the brief was George W. Mead, Portland.

PER CURIAM.

Plaintiffs, who are contractors, retained defendant, a lawyer, to represent them in a claim against the federal government arising out of a modification of a heating plant on an Air Force base. After much litigation, total recovery amounted to $129,161.17, which included $90,139.17 in excess of the contract price for additional work, and $39,022 "retainage," a percentage of the contract price retained during construction to protect the government against certain contingencies.

Plaintiffs brought a declaratory judgment proceeding to determine the amount of defendant's fee. Defendant, also, requested a determination of his fee and asked the court to foreclose a lien upon plaintiffs' bank account for whatever amount it found to be due defendant.

Plaintiffs claimed there was to be a 40 per cent fee on all sums recovered over the contract price and no fee on the "retainage." Defendant claimed there was to be a 50 percent fee on all sums recovered over the contract price and a 20 per cent fee on the "retainage." The trial court found that the fee, by agreement, was 40 per cent on the amount recovered in excess of the contract price and 20 per cent on the "retainage." Defendant appeals, contending now that he is entitled to 40 per cent on the "retainage" instead of 20 per cent as he originally pleaded.

Upon appeal, there is no contention, as there was at trial, that a declaratory judgment proceeding is an improper proceeding by which to litigate the present issue.

Defendant first asserts that at the commencement of trial the parties stipulated the court could find that

1) plaintiffs' contention as to the agreement was correct; 2) defendant's contention as to the agreement was correct; or 3) no agreement as to the amount of the fee had been made and there would be an additional proceeding to determine the reasonable value of the services rendered. Defendant therefore argues that because it was not within the issues, the court could not find, as it did, that a portion of each party's contention was correct (40 per cent of the overage, as contended by plaintiffs; and 20 per cent of the "retainage," as contended by defendant). Although there is doubt that the parties can by stipulation limit the scope of the court's determination, we have read that part of the transcript to which defendant refers and we disagree with his conclusion that by stipulation the parties so limited the trial court's scope of determination.

■ Defendant next argues that because plaintiffs testified there was to be a 40 per cent fee on the total recovery (at variance with their contention) and because they denied there was any agreement for a fee of 20 per cent on the $39,022 "retainage," plaintiffs are responsible for a fee of 40 per cent on the "retainage." Assuming that plaintiffs' testimony is capable of such a construction, defendant ignores his pleading and testimony to the effect that he agreed to accept a 20 per cent fee on the "retainage" and that it was paid. Defendant argues that plaintiffs either waived the benefit of the agreement for the reduction of the fee on the "retainage" or are estopped to assert it. The logic of defendant's argument escapes us. We know of no application of the laws of estoppel or of waiver which justifies the result for which defendant contends.

Defendant's argument seems to be that plaintiffs

are "bound by their testimony" and are not entitled to a reduced fee on the "retainage." He does not explain why he is not bound by his testimony to the effect that he agreed to and received a fee of 20 per cent on the "retainage."

■ Defendant also argues there was no consideration for his agreement to reduce his fee on the "retainage." However, he testified that his fee was requested and received by him in advance of the time it normally would have been due.

After the issuance of the court's memorandum opinion, plaintiffs paid sufficient money into court to pay defendant's judgment with the exception of a small amount for costs and interest. Because of such payment, defendant has indicated that unless his judgment is increased upon appeal, he is not particularly concerned about his second assignment of error which relates to the court's ruling that he had no lien on plaintiffs' bank account.

The judgment of the trial court is affirmed.